IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Criminal Action |
| ) | No. 18-mj-2046DPR |
| JOSE TRINIDAD VARGAS-LEON, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

After the United States orally moved for pretrial detention, a hearing was held in this matter pursuant to § 3142(f), Title 18, United States Code. The defendant was present personally and with his appointed counsel Kristen Jones, attorney at law. The United States was represented by Steven M. Mohlhenrich, Assistant United States Attorney.

A complaint and supporting affidavit has been filed in this case. The affidavit supports a finding of probable cause to believe that the offense charged was committed by this defendant. Based on the evidence presented at the hearing, there are no conditions the Court can impose that would reasonably assure the defendant's appearance at all scheduled hearings.

The factors to be considered by the Court are enumerated in Title 18, United States Code, Section 3142(g). Regarding the potential for failure to appear, the Court notes the nature of the instant offense and the defendant's lack of familial, financial, property, residential, community, and employment ties (not limited to the district of arrest). The defendant is a citizen of Mexico illegally in the United States. The defendant has multiple aliases, lack of verifiable, legitimate employment, and ties to a foreign country. In addition, the defendant currently has an immigration detainer which has been lodged with the U.S. Marshal Service.

1

The existence of an ICE detainer by itself is not a categorical, per se basis for detention because the Bail Reform Act creates no per se category of persons who must be detained, absent an individualized inquiry into the person's risk of flight or danger to the community.  However, the court can consider the defendant's status and existence of pending immigration proceedings as information relevant when considering other factors under the Act since they indicate prior noncompliance with federal law and thus are analogous to a prior criminal history.

Based on all the foregoing, the Courts finds by a preponderance of the evidence that the defendant is a risk of flight.

**IT IS THEREFORE ORDERED** that the defendant be, and is hereby detained without bail.

**IT IS FURTHER ORDERED** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDRED.**

**DATED: July 30, 2018**

                                              */s/ David P. Rush*
                                              DAVID P. RUSH
                                           United States Magistrate Judge

2

Case 6:18-mj-02046-DPR   Document 11   Filed 07/30/18   Page 2 of 2